# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2015

Lyle W. Cayce
Clerk

No. 14-10956
Summary Calendar

In the Matter of:  CYPRESS FINANCIAL TRADING COMPANY, L.P.,

> Debtor

------------------------------

DOUGLAS A. KELLEY, in his capacity as chapter 11 trustee of Petters Company, Inc.,

> Appellee

v.

CYPRESS FINANCIAL TRADING COMPANY, L.P.,

> Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC: 3:13-CV-2282

Before JOLLY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

   A corporate Chapter 7 bankruptcy has one purpose: to allow an entity breathing space to marshal assets for orderly distribution to creditors.  *In re*

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10956

*MortgageAmerica Corp.*, 714 F.2d 1266, 1273 (5th Cir. 1983). When, as here, the debtor has no assets, no viable claims or causes of action, and no other money-making prospects, Chapter 7 bankruptcy cannot serve even this limited function. Under 11 U.S.C. § 707(a), "cause" to dismiss exists when bankruptcy cannot benefit outside creditors or the debtor and the process serves only to delay the prosecution of a lawsuit against the debtor. Accordingly, we AFFIRM the district court's judgment.

## BACKGROUND

Cypress Financial Trading Company, L.P. is a limited partnership consisting of one general partner, EFO GP Interests, Inc., and one limited partner, JBJ Lending Company. Its sole function was to invest in Petters Company, Inc. ("PCI"). Over several years, Cypress received approximately $11.4 million from its investments, approximately $500,000 of which was profit. In 2008, federal law enforcement swarmed PCI's corporate headquarters. It turns out that PCI was a large Ponzi scheme and Cypress's $500,000 "profit" was in fact transferred from less fortunate investors. PCI subsequently filed bankruptcy in Minnesota. In October 2010, PCI's Chapter 11 trustee sued Cypress to avoid and recover the $11.4 million in transfers.

For the next two years, Cypress and PCI's trustee litigated the avoidance action in federal bankruptcy court in Minnesota. Then on December 4, 2012, Cypress filed this Chapter 7 bankruptcy case. According to Cypress, it has not had any assets since early or middle 2008. And, according to the Chapter 7 trustee, Cypress has no viable claims or causes of action. Cypress listed only two creditors: the PCI trustee and an entity related to its general partner.[1]

---

[1] Cypress listed EFO Management, LLC as the other creditor in its bankruptcy. EFO Management and EFO GP Interest appear to be related entities.

No. 14-10956

Three months after the bankruptcy petition, Cypress's trustee filed a "Report of No Distribution," certifying that Cypress has no assets or claims of any kind and requesting that the case be closed. PCI's trustee then moved to dismiss Cypress's bankruptcy under 11 U.S.C. § 707(a). The bankruptcy court denied the motion, reasoning that because "Chapter 7 is of some utility to any defunct business to [w]rap up whatever is left in the company," and there was no bad faith on Cypress's part, there is no "cause" to dismiss the case under § 707(a). On appeal, the district court reversed. In its view, because Chapter 7 provides Cypress no benefit and harms its only non-insider creditor, the bankruptcy court abused its discretion. This appeal followed.

**STANDARD OF REVIEW**

"We review the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003) (citing *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001)). Accordingly, we review a bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *Id.* (citing *Williams v. IBEW Local 520* (*In re Williams*), 337 F.3d 504, 508 (5th Cir. 2003)). We review the ultimate decision to grant or deny a motion under § 707(a) for abuse of discretion. *In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988).

**DISCUSSION**

In this appeal, Cypress contends that bad faith is not "cause" to dismiss a Chapter 7 bankruptcy case under § 707(a) and invites us to choose sides in a circuit split on that issue. Although the relevant law strongly suggests that "cause" includes bad faith, *see In re Piazza*, 719 F.3d 1253 (11th Cir. 2013), we need not so hold to resolve this case. When a bankruptcy serves no purpose, results in no benefit for its creditors or the debtor, and only delays litigation already pending against the debtor, there is "cause" to dismiss the case.

3

No. 14-10956

Under 11 U.S.C. § 707(a), the bankruptcy court "may dismiss a case under [Chapter 7] . . . for cause." Section 707 does not define "cause," but instead provides a list of examples, like the debtor's unreasonable delay of the proceedings, failure to pay required fees, or untimely filing of schedules and financial statements. 11 U.S.C. § 707(a)(1)–(3). The examples, however, are illustrative, not exhaustive. "Cause" is a broad concept, designed to "afford flexibility to the bankruptcy courts." *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986). This flexibility derives from bankruptcy's equitable roots. *Id.* True to equity's flexibility, we have instructed courts to "weigh the benefits and prejudices" of dismissal—to the debtor, creditors, and the bankruptcy system—when deciding a § 707(a) motion. *Id.* at 1073; *Atlas Supply Corp.*, 857 F.2d at 1063–64.

The equities of this case undoubtedly favor dismissal. This bankruptcy (and subsequent appeals) imposed cost and delay, with absolutely no resulting benefit to Cypress or its creditors. Under Chapter 7, a debtor can hope for a permanent discharge of its debts; bankruptcy exists to grant a fresh start to the "honest, but unfortunate" debtor. *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991). There is no hope of discharge or a fresh start here, because a discharge is unavailable to corporate debtors in Chapter 7 cases. 11 U.S.C. § 727(a)(1). Nevertheless, a corporate Chapter 7 (and the resulting automatic stay) may allow breathing space for a neutral third party to marshal assets for orderly distribution to creditors. But again, there is no hope of that here. Everyone agrees there are no assets to marshal or liquidate, and applicable statutes of limitations bar any preference or fraudulent transfer actions that might lead to additional assets. *See* 11 U.S.C. § 547(b)(4)(B) (one-year statute of limitations for insider preference actions); § 548(a)(1) (two-year statute of limitations for fraudulent transfer actions); § 544(b)(1) & Tex. Bus. & Com. Code § 24.010(a) (four-year statute of limitations for fraudulent transfer

4

actions under Texas law).  Without any conceivable benefit to the debtor or creditors, a bankruptcy loses its *raison d'etre*.  Dismissal was compelled here because besides conferring no benefit on Cypress or on the only two creditors, this case served unreasonably and unjustifiably to delay the PCI Trustee's suit. With no benefit conferred but considerable harm inflicted by Cypress's Chapter 7 case, the district court properly concluded that the bankruptcy court abused its discretion in not finding "cause" to dismiss under § 707(a).

Even if we were to agree with Cypress that the bankruptcy court had no "cause" to dismiss the case, its victory is pyrrhic.  If we held that the bankruptcy court properly denied the § 707(a) motion, we would reverse the district court judgment, and the district court would probably remand the case to the bankruptcy court.  The bankruptcy court would then promptly close the case as the Chapter 7 trustee originally requested, lifting the automatic stay. 11 U.S.C. § 362(c)(2)(A).  Once the stay is lifted, the Minnesota avoidance litigation could resume.  Cypress will have gained more time to avoid the avoidance litigation, but it must ultimately face the music.

## CONCLUSION

For these reasons, we **AFFIRM** the district court's dismissal of Cypress's Chapter 7 bankruptcy.